**IN THE UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| AARON BORLAND,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CARTHAGE, MISSOURI, ABIGAEL ALMANDINGER, MICHAEL MILLER, GREG DAGNAN, NATE DALLY, TRACI COX, DAN RIFE and KEENAN & BHATIA, LLC,<br><br>Defendants. | Case No. 3:26-cv-05062 |

**DEFENDANT ALMANDINGER'S SUGGESTIONS IN SUPPORT OF HER MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNT IV OF PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

Defendant Almandinger has absolute immunity from Plaintiff's claim for defamation found in Count IV of Plaintiff's Complaint. Plaintiff alleges Defendant Almandinger (and her counsel Defendant Keenan & Bhatia, LLC) defamed him by including his name and allegedly false statements in Defendant Almandinger's state-court Petition. (Doc 1, p.27, ¶¶ 122-124). However, such claims are barred by the judicial proceedings privilege.

## II. STANDARD OF REVIEW

A Rule 12(c) motion is measured under "the same standard used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotation marks omitted). A

motion to dismiss is the proper method to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Fed. R. Civ. P. 12(b)(6) states a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. The Complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statement, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. <u>ANALYSIS</u>

### A. <u>Judicial Proceedings Privilege</u>

Absolute immunity as to defamatory publications is confined to a few situations, notably, judicial proceedings. *Hester v. Barnett*, 723 S.W.2d 544, 557 (Mo. App. 1987). Missouri law provides that statements made during proceedings of a judicial or quasi-judicial body are absolutely privileged if they are relevant to the issues before the body, and are not actionable as a matter of law. *Wunsch v. Sun Life Assurance Co. of Can.*, 92 S.W.3d 146, 156 (Mo. App. 2002); see also, *Riley v. Riley*, 340 S.W.3d 334, 338 (Mo. App. 2011) (Defendant in *Wunsch* case was entitled to judgment as a matter of law on motion for summary judgment because its slanderous statements as quoted by the plaintiff were explanations to the court for its cause of action). **<u>This absolute privilege applies, even if</u>**

**the statements were made maliciously**. *Riley v. Riley*, 340 S.W.3d 334, 338 (Mo. App. 2011) (emphasis added). An absolute privilege is a complete defense from suit for defamation and cannot be overcome by the plaintiff. *Laun v. Union Elec. Co.*, 350 Mo. 572, 578, 166 S.W.2d 1065, 1068 (1942).

The purpose of this privilege is to promote public candor to the courts, as there are times and occasions when it is in the public interest that individuals be permitted to speak freely and fully without being brought to account for injuring another's reputation. *Id*. at 1069. This absolute immunity ensures "freedom of speech where it is essential that freedom of speech should exist" *Id*. at 1068.

The only requirement for a statement made in a judicial proceeding to qualify for absolute privilege is that it has to be relevant. Missouri courts often use "relevance" and "pertinence" interchangeably. *Li v. Metro. Life Ins. Co.*, 955 S.W.2d 799, 804 (Mo. App. 1997) ("There is difficulty in determining in some cases what is relevant or pertinent. In determining the question the courts are liberal, and the privilege embraces anything that may possibly be pertinent. All doubt should be resolved in favor of its relevancy or pertinency). A statement is pertinent if it is "**responsive to some fact apparently bearing on the issue to which it is directed**." *Riley v. Riley*, 340 S.W.3d 334, 339 (Mo. App. 2011). Pertinence is thus not limited to the dispositive issue of the case; a statement may relate to any issue raised by the case. *Id*. In fact, "**the matter to which the judicial proceeding privilege does not extend must be so palpably wanting in relation to the subject matter that no reasonable man can doubt its irrelevancy**." *Id* (quoting *Li v. Metro. Life Ins. Co.*,

955 S.W.2d 799, 804 (Mo. App. 1997)). Consequently, courts have consistently determined pertinence based on the context in which the defamatory statements were made. *Id.*

Missouri courts have not imposed a strict relevancy test in determining whether statements made in the judicial or quasi-judicial process are entitled to absolute immunity, rather, courts provide for absolute immunity if the statement made during the course of a proceeding has some relation to the proceeding. *Li v. Metro. Life Ins. Co.*, 955 S.W.2d 799, 804 (Mo. App. 1997). Missouri courts have further stated that relevance should be liberally construed. *Barchers v. Mo. P. R. Co.*, 669 S.W.2d 235, 238 (Mo. App. 1984).

Missouri courts have provided guidance on "liberal construction" by stating that relevance merely means "connected with" and no concepts of evidentiary admissibility are implicated. *Li v. Metro. Life Ins. Co.*, 955 S.W.2d 799, 804 (Mo. App. 1997). In fact, so long as the comments have "some relation to" the issues pending before the Court, they are privileged. *McLean v. Bruce*, No. 20-0593-CV-W-BP, 2021 WL 4783257, at *6 (W.D. Mo. Oct. 13, 2021). Other Missouri courts have stated that "relevant" means "fairly relevant to the issue, or responsive to some fact apparently bearing on the issue to which it is directed." *Allstate Vehicle & Prop. Ins. Co. v. Adams*, No. 3:15-CV-05121-BCW, 2016 WL 10637113, at *2 (W.D. Mo. June 29, 2016).

**B. <u>Defendant Almandinger has Absolute Immunity</u>**

The statements made by Defendant Almandinger in her petition have at minimum some relevancy to the claims she was making to the court. In fact, they were very relevant to her claims. In her petition, Defendant Almandinger was claiming that during the span of her employment, she was a whistleblower on corruption in the Parks Department.

Furthermore, she was claiming her termination was retaliatory based on those whistleblowing efforts. (Doc. 1-8, pp. 13, ¶ 69). Her allegations of fact go directly to the actions for which she claimed she was retaliated against. Defendant Almandinger's petition was in accordance with the Missouri pleading requirement that petitions plead facts supporting each essential element. *See Thomas v. Denney*, 453 S.W.3d 325, 332 (Mo. App. 2014)(internal citations and quotation omitted)("The role of pleadings in Missouri is to identify facts upon which the plaintiff's claim rests. The petition must state allegations of fact in support of each essential element of the cause pled.").

Although the subject allegations were extremely relevant to Defendant Almandinger's claims, the standard for her to have absolute immunity from claims of defamation is much lower. The allegations must only be "connected with" or have "some relations to" her claims. This is simply no legitimate argument that her allegations concerning Plaintiff were not connected with or had some relation to her claims.

## IV. <u>CONCLUSION</u>

Plaintiff's defamation claim against Defendant Almandinger fails as a matter of law because she has absolute immunity from such claim pursuant to the judicial proceedings privilege. Accordingly, Count IV of Plaintiff's Complaint must be dismissed.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

/s/ Paul F. Gordon

Paul F. Gordon MBN 35776
Logan G. Wallace MBN 73989
9393 W. 110th, Suite 300

Corporate Woods, Bldg. 51
Overland Park, KS 66210
Telephone: (913) 339-6757
Facsimile: (913) 660-7919
pgordon@fpsslaw.com
lwallace@fpsslaw.com
ATTORNEY FOR DEFENDANTS
ABIGAEL ALMANDINGER, GREG
DAGNAN and DAN RIFE

**CERTIFICATE OF SERVICE**

I hereby certify the above and foregoing was filed with the Court through its electronic filing system on September 3, 2026, with a copy sent via electronic mail to:

Gregory W. Aleshire #38691
William R. Robb #43322
ALESHIRE ROBB P C
2847 Ingram Mill Road, A-102
Springfield, MO 65804
Telephone: (417) 869-3737
Facsimile: (417) 869-5678
info@aleshirerobb.com
Attorneys for Plaintiff

Sonal Bhatia #67519
Edward Keenan #62993
KEENAN & BHATIA LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Telephone: (816) 327-2273
Sonal@keenanfirm.com
ee@keenanfirm.com
Attorneys for Defendant Keenan & Bhatia LLC

Matthew J. Gist #54732
ENSZ & JESTER, PC
1100 Main Street, Suite 2121
Kansas City, Mo 64105
Telephone: (816) 474-8010
Facsimile: (816) 471-7910
mgist@enszjester.com
Attorneys for Defendants City of Carthage, Michael Miller, Nate Dally, and Traci Cox

/s/ Paul F. Gordon
ATTORNEYS FOR DEFENDANTS ABIGAEL ALMANDINGER, GREG DAGNAN and DAN RIFE