**IN THE UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| AARON BORLAND,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CARTHAGE, MISSOURI, ABIGAEL ALMANDINGER, MICHAEL MILLER, GREG DAGNAN, NATE DALLY, TRACI COX, DAN RIFE and KEENAN & BHATIA, LLC,<br><br>Defendants. | Case No. 3:26-cv-05062 |

**DEFENDANTS ALMANDINGER, DAGNAN AND RIFE'S SUGGESTIONS IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON COUNTS I, II AND III OF PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

Plaintiff's claims against Defendants Almandinger, Dagnan and Rife, (collectively the "Defendants") in Counts I, II and III fail as a matter of law. Claims against the Defendants in their official capacity in Counts I, II and III should be dismissed because they are duplicative of the claims against Defendant City of Carthage, Missouri (the "City"). Additionally, Count II (§ 1983 Conspiracy) fails because (1) the Defendants are immune from such claim pursuant to Qualified Immunity, and (2) Plaintiff's Complaint fails to plead sufficient facts to establish a meeting of the minds. Finally, Count III (Tortious Interference with a Business Expectancy) must be dismissed because the Defendants are not third parties separate from the City of Carthage, Missouri (the "City").

## II. FACTUAL BACKGROUND

With the exception of Count IV against Defendants Almandinger and Keenan & Bhatia, LLC, which is not addressed in this Motion, Plaintiff's Complaint asserts several claims based on conduct which occurred while Plaintiff and Defendants were employed by the City. Plaintiff worked as the City's Golf Superintendent. (Doc. 1, p.4, ¶ 21). Defendant Almandinger was the City's Parks and Recreations Director, Defendant Dagnan was the City Administrator, and Defendant Rife was the City Mayor. (Doc. 1, pp. 1-2, ¶¶ 4, 6, and 9). Plaintiff alleges during his employment he was the subject of a criminal investigation concerning possible kickbacks and theft of City property. (Doc. 1, pp. 4-5, ¶¶ 23 and 28). Plaintiff alleges he was improperly placed on paid administrative leave during the investigation. (Doc. 1, p.10, ¶ 46). Plaintiff provided a written resignation, but alleges his resignation was coerced and constituted a constructive discharge. (Doc. 1, p.14, ¶ 63).

## III. STANDARD OF REVIEW

A Rule 12(c) motion is measured under "the same standard used to address a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotation marks and brackets omitted). A motion to dismiss is the proper method to test the legal sufficiency of a complaint. *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981). Fed. R. Civ. P. 12(b)(6) states a party may move for dismissal of all or part of the claims against it if the allegations, taken as true, fail to state a claim for which relief can be granted. The Complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the Complaint does not contain "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Furthermore, "the tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statement, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

### A. All Claims Against Defendants in their Official Capacities Fail to State a Claim Because they are Redundant.

In Counts I, II and III, Plaintiff has brought claims against individuals in their official capacities in addition to the City.[1] However, it is settled law such claims against the individuals in their official capacities should be dismissed because they are redundant to the claims against the City. A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity. *See Baker v. Chisom,* 501 F.3d 920, 925 (8th Cir.2007). When a governmental entity is named as a defendant in a suit as well as individuals in their official capacity the actions against the individuals should be dismissed as redundant. *See Artis v. Francis Howell N. Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir. 1998).

In this case Plaintiff has named the City as a defendant as well as the Defendants in their official capacities. The claims against the individuals in their official capacities should be dismissed as redundant.

---

[1] It is assumed Plaintiff's claim against Defendant Almandinger in Count IV is not made against her in her official capacity since she was not employed with the City at the time of the alleged tortious conduct.

**B. <u>Pursuant to *Faulk v. City of St. Louis, MO,* Count II Fails to State a Claim Because the Defendants are Immune from Such Claims Pursuant to Qualified Immunity.</u>**

As government officials, Defendants have qualified immunity from suit for claims brought under section § 1983. Government officials are entitled to qualified immunity unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known. *Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014), *see Chambers v. Pennycook*, 641 F.3d 989, 904 (8th Cir. 2011)(citing *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982). Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines. *Avalos v. City of Glenwood*, 382 F.3d 792, 798 (8th Cir. 2004). Qualified immunity "is an *immunity from suit* rather than a mere defense to liability, which is effectively lost if a case is erroneously permitted to go to trial." *Id*. (emphasis in original).

Qualified immunity involves a two-step analysis: "(1) whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Morris v. Zefferi*, 601 F. 3d 805, 809 (8th Cir. 2010). (internal quotation marks omitted). A court considering the qualified immunity defense has discretion to consider the two-step qualified immunity analysis in the order it deems fit. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009). However, if the first prong of the analysis is answered in the negative, a court "need not proceed further with the qualified immunity analysis." *Brockinton v. City of Sherwood*, 503 F.3d 667, 672 (8th Cir. 2007). If the second prong of the analysis is reached, it is important to bear in mind the law is "clearly established if it gives the defendant official

'fair warning' that his conduct violated an individual's rights when the official acted." *McCoy v. City of Monticello*, 342 F.3d 842, 846 (8th Cir. 2003).

The Supreme Court has repeatedly emphasized that the "clearly established" prong of the analysis "should not be defined 'at a high level of generality.'" *White v. Pauly*, 580 U.S. 73, 79 (2017). "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 663, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012)). While there does not need to be a case directly on point, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* "The 'clearly established' standard also requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him. The rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted. This requires a high degree of specificity." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (internal quotation marks and citation omitted). Additionally, "plaintiff bears the burden of proving that the law was clearly established." *Hess v. Ables*, 714 F.3d 1048, 1051 (8th Cir. 2013).

In the present case, Plaintiff has failed to establish the law regarding intracorporate conspiracy doctrine in the context of a conspiracy claim brought under 42 USC § 1983 was clearly established at the time of the incident and that every City employee would understand his or her actions violated Plaintiff's constitutional rights. In fact, the Eight Circuit has already found such law is not established and defendants have qualified immunity for claims of intracorporate conspiracy.

The intracorporate conspiracy doctrine is a complete defense to a conspiracy claim. It allows agents acting within the scope of their employment to be shielded from constituting a conspiracy under § 1985. *Cross v. General Motors Corp*., 721 F.2d 1152, 1156 (8th Cir. 1983)(holding that corporation and its agents are a single person in the eyes of the law, and a corporation cannot conspire with itself). The intracorporate conspiracy doctrine has been extended to governmental entities. *Meyers v. Starke*, 420 F.3d 738, 742 (8th Cir. 2005); *Runs After v. United States*, 766 F.2d 347, 354 (8th Cir. 1985).

The Eighth Circuit has repeatedly found that the intracorporate conspiracy doctrine bars conspiracy claims brought under 42 USC § 1985 against a governmental entity. *L.L. Nelson Enterprises, Inc. v. City of St. Louis, Mo*., 673 F.3d 799, 812 (8th Cir. 2012)(finding that a local government entity cannot conspire with itself through its agents). See also *Meyers,* 420 F.3d at 742; *Kelly v. City of Omaha*, 813 F.3d 1070, 1078-1079 (8th Cir. 2016)(a local governmental entity cannot conspire with itself through its agents).

Most recently, in 2022, the Eighth Circuit examined the intracorporate conspiracy doctrine in the context of a conspiracy claim brought under 42 USC § 1983, rather than § 1985. *Faulk v. City of St. Louis, MO*., 30 F.4th 739, 749-750 (8th Cir. 2022). The Court dissected the doctrine and found that various district courts had come to different interpretations and conclusions. *Id*. **The Eighth Circuit concluded that because of the unsettled nature of the law, the law cannot be "clearly established" and the public officials were entitled to qualified immunity.** *Id*. ("In these circumstances, we conclude that the issue of analogous to *Ziglar*, where the Court granted qualified immunity because

the uncertain applicability of the intracorporate conspiracy doctrine meant that § 1985(3) liability was not clearly established.").

The Court should dismiss Count II against the Defendants based on the intracorporate conspiracy doctrine. However, regardless of whether the Court decides the intracorporate conspiracy doctrine bars Count II against the Defendants, the Defendants are clearly entitled to qualified immunity pursuant to the Eighth Circuit's decision in *Faulk*, in which the Eighth Circuit recently determined the unsettled law regarding the intracorporate conspiracy doctrine in the context of a conspiracy claim brought under 42 USC § 1983 entitles defendants to qualified immunity.

**C. <u>Count II Must be Dismissed Because Plaintiff Fails to Sufficiently Plead Facts Showing a Meeting of the Minds Between Defendants</u>**

The Eighth Circuit has set forth the following elements pertaining to a conspiracy claim under 42 U.S.C. § 1983: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff." *White v. McKinley*, 519 F.3d 806, 814 (8th Cir. 2008). However, to assert such a claim, a plaintiff must make "allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators." *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2010). The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

There is no factual allegation that the Defendants had any "meeting of the minds" with any other defendant. Rather, Plaintiff has merely made conclusory statements and a

threadbare recital of the elements of a cause of action for conspiracy, which is impermissible under the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Simply put, merely alleging as a conclusion the "Defendants . . . conspired to violate Plaintiff's . . . rights by agreement as evidenced by a meeting of the minds between two of more of the Defendants" is grossly insufficient to plead a claim for conspiracy. Just because some of the Defendants allegedly played some role in the investigation of Plaintiff and/or Plaintiff's resignation does not necessitate the conclusion that a meeting of the minds occurred among the Defendants. Such a conclusion would be speculative and is insufficient according to federal pleading rules. *See* Fed. R. Civ. P. 8. To be clear, there is no allegation in the Plaintiff's Complaint establishing a meeting of minds between any of the Defendants with each other or any other named defendant, nor is there any allegation of fact the Defendants conspired to deprive him of any constitutional right.

**D. Count III Must Be Dismissed Because Defendants are not Third Parties Separate from the City of Carthage, Missouri.**

Count III of Plaintiff's Complaint asserts a common law claim for tortious interference with a business expectancy against Defendants. Plaintiff alleges that the Defendants interfered with his employment with the City. A claim for "tortious interference with contract or business expectancy requires proof of (1) a contract or valid business expectancy; (2) defendants' knowledge of the contract or relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages." *Hensen v. Truman Med. Ctr. Inc*., 62 S.W.3d 549, 552-53 (Mo. App. 2001) (quoting *Rice v. Hodapp*, 919 S.W. 2d 240, 245 (Mo. banc. 1996). However, an action for

tortious interference can only lie against a third party. *Farrow v. St. Francis Med. Ctr*., 407 S.W.3d 579, 602 (Mo. 2013). "Where the individual being sued is an officer or agent of the defendant corporation, the officer or agent acting for the corporation is the corporation for purposes of tortious interference." *Id* (quoting *Zipper v. Health Midwest*, 978 S.W.2d 398, 419 (Mo.App.W.D.1998). As alleged by Plaintiff, the Defendants are officers and/or agents of the City, and thus not a "third party" for purposes of Plaintiff's tortious interference claim.

The Missouri Supreme Court's rationale in *Farrow* was applied to a local governmental entity in *Halderman v. City of Sturgeon*, 670 S.W.3d 193 (Mo. App. 2023)(holding that an elected city council member is not a third party separate and apart from the City in a claim for tortious interference). In *Halderman*, a City's Chief of Police brought tortious interference claims against an elected alderman over the termination of the Police Chief's employment. Reyling on *Farrow*, the Court found that the alderman could not be considered a third party to the Police Chief's employment contract with the City. The fact that the Plaintiff in Halderman alleged the alderman was acting in furtherance of his personal interests was immaterial. *Id*. at 206. Per *Farrow* and *Halderman* it is clear that former Parks and Recreations Director Almandinger, former City Administrator Dagnan, and former Mayor Rife were not "third parties" separate from the City and Count III of the Complaint should be dismissed herein.

## V. **CONCLUSION**

Claims against the Defendants in their official capacity are duplicative of the claims against Defendant City of Carthage, Missouri (the "City"). Additionally, Count II fails

because (1) the Defendants are immune from such claims pursuant to Qualified Immunity, and (2) Plaintiff's Complaint fails to plead sufficient facts to establish a meeting of the minds. Finally, Count III must be dismissed because the Defendants are not third parties separate from the City of Carthage, Missouri.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

/s/ Paul F. Gordon

Paul F. Gordon MBN 35776
Logan G. Wallace MBN 73989
9393 W. 110th, Suite 300
Corporate Woods, Bldg. 51
Overland Park, KS 66210
Telephone: (913) 339-6757
Facsimile: (913) 660-7919
pgordon@fpsslaw.com
lwallace@fpsslaw.com
ATTORNEY FOR DEFENDANTS ABIGAEL ALMANDINGER, GREG DAGNAN and DAN RIFE

**CERTIFICATE OF SERVICE**

I hereby certify the above and foregoing was filed with the Court through its electronic filing system on September 3, 2026, with a copy sent via electronic mail to:

Gregory W. Aleshire #38691
William R. Robb #43322
ALESHIRE ROBB P C
2847 Ingram Mill Road, A-102
Springfield, MO 65804
Telephone: (417) 869-3737
Facsimile: (417) 869-5678
info@aleshirerobb.com
Attorneys for Plaintiff

Sonal Bhatia #67519
Edward Keenan #62993
KEENAN & BHATIA LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Telephone: (816) 327-2273
Sonal@keenanfirm.com
ee@keenanfirm.com
Attorneys for Defendant Keenan & Bhatia LLC

Matthew J. Gist #54732
ENSZ & JESTER, PC
1100 Main Street, Suite 2121
Kansas City, Mo 64105
Telephone: (816) 474-8010
Facsimile: (816) 471-7910
mgist@enszjester.com
Attorneys for Defendants City of Carthage, Michael Miller, Nate Dally, and Traci Cox

/s/ Paul F. Gordon
ATTORNEYS FOR DEFENDANTS ABIGAEL ALMANDINGER, GREG DAGNAN and DAN RIFE