**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

EXHIBIT A

Ensz & Jester, P.C.

| | | |
|---|---|---|
| AARON BORLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cv-05062 |
| | ) | |
| CITY OF CARTHAGE, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED PROTECTIVE ORDER**

Defendant, City of Carthage, Missouri, by and through its undersigned counsel, request the entry of this Protective Order governing the release and use of certain records that are closed under the Missouri Sunshine Law, section 610.010, et seq.

Counsel for Plaintiff and Defendants Abigael Almandinger, Greg Dagnan, Dan Rife, and Keenan & Bhatia, LLC, stipulate and agree to the following:

1. Defendant City anticipates producing documents within the following categories, which would otherwise be redacted and/or protected from disclosure by law absent a protective order by the Court (collectively, the "Confidential Records"):

   a. personnel and employment information; and

   b. criminal proceeding records of Mark Peterson, which contain law-enforcement and internal investigative information that are closed records under the Missouri Open Meetings and Records Law, Chapter 610 RSMo., et seq.

2. Any party may designate documents as Confidential Records, but only after a review of the documents by an attorney admitted to practice before this Court in this action, who has, in good faith, determined that the documents contain information protected from disclosure

consistent with the named categories set forth in this order. Information or documents which are available in the public sector or that have not been previously maintained in a confidential manner may not be designated as confidential. Any disputes over the confidentiality of documents shall be resolved pursuant to the discovery dispute procedure outlined in this Court's local rules.

3. The Parties agree that the designated Confidential Records are relevant materials that are critical to the expeditious resolution of this case and contain information that would otherwise be subject to redaction without a court order.

4. Except as may otherwise be provided by further order of the Court, all Confidential Records shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 6.

5. Access to and the use of any documents, or any part thereof, designated as part of the Confidential Records shall be limited to:

a. the Court;

b. the Parties and attorneys of record for the parties;

c. court-appointed mediators;

d. consultants and technical experts involved in the preparation of this action;

e. court reporters, their transcribers, assistants, and employees;

f. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit confidential documents in order to elicit testimony relevant to the matters at issue in this case; and

g. the jury.

6. Individuals who are permitted access to the Confidential Records pursuant to Paragraph 6 are hereby ordered not to show, convey, or reproduce any documents so designated

or parts thereof, or copies thereof, of any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

7. Any document designated part of the Confidential Records and filed with the Court, and any brief referring to any such document shall be filed under seal and shall be made available only to Plaintiff, Defendants, and/or persons authorized by the terms of this Protective Order to have access thereto. The Party filing any such document shall be responsible for designating to the Clerk that it is subject to this Protective Order and is to be kept under seal. Each time a Party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

a. The exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

b. The specific qualities of the material at issue which justify sealing such material;

c. The reasons why alternatives to sealing are inadequate; and

d. Whether there is consent to the motion.

Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the Court.

8. At the conclusion of this litigation, each Confidential Record subject to this Protective Order shall not be used for any other purpose than prosecuting or defending the above-mentioned matter.

**IT IS THEREFORE ORDERED,** that the Confidential Records that would otherwise be redacted by state and/or federal law are hereby protected pursuant to the terms above for use in this action.

**IT IS SO ORDERED.**

Date: __________________________

___________________________________
**HONORABLE MEGAN BLAIR BENTON**
**UNITED STATES DISTRICT JUDGE**