**IN THE UNITED STATE DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | |
|---|---|
| AARON BORLAND,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CARTHAGE, MISSOURI, ABIGAEL ALMANDINGER, MICHAEL MILLER, GREG DAGNAN, NATE DALLY, TRACI COX, DAN RIFE and KEENAN & BHATIA, LLC,<br><br>Defendants. | Case No. 3:26-cv-05062 |

**DEFENDANTS ALMANDINGER, DAGNAN, AND RIFE'S REPLY IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS I, II, III OF PLAINTIFF'S COMPLAINT**

COME NOW, Defendants Abigael Almandinger, Greg Dagnan, and Dan Rife (collectively "Defendants"), by and through undersigned counsel, and for their Reply in Support of their Motion For Judgment on the Pleadings as to Counts I, II, and III of Plaintiff's Complaint (the "Motion"), state as follows:

Plaintiff's Response cites multiple cases in support of his arguments but in doing so seems to ignore the fundamental issues with his Complaint. At this stage, and as shown by his own requests in the alternative, it appears Plaintiff is attempting to force a lengthy discovery process on issues that will inevitably be dismissed as a matter of law. Such discovery would be costly, unnecessary, and fail to produce any evidence supporting Plaintiff's claims, because there is none. Plaintiff requests the Defendants' Motion be denied in order for Plaintiff to conduct discovery. Essentially, Plaintiff argues he needs

discovery to find evidence to refute Defendants' entitlement to judgment. However, Plaintiff has failed to identify what facts the requested discovery would possibly produce that would refute Defendants' entitlement to judgment. Plaintiff cannot identify such facts because there are none. This is why judgment on the pleadings is proper. There is no legal or logical support for Plaintiff's desire to "kick the can down the road" in order for him to engage in costly discovery on claims which Defendants are clearly entitled to judgment as a matter of law.

Despite Plaintiff's contention to the contrary, *Faulk* does not hold that Defendants need to "establish" qualified immunity. Plaintiff bears the burden to show that the underlying law was "clearly established" and that qualified immunity does not apply. Plaintiff improperly attempts to shift the burden to Defendants. However, as evidenced by the cited caselaw, Plaintiff cannot show that it is "clearly established" Defendants' actions violated Plaintiff's constitutional rights. We know this because he has failed to cite any applicable case showing this. Simply put, to avoid judgment based on the application of qualified immunity, Plaintiff must cite a case demonstrating Defendants are not entitled to qualified immunity, and he has not done so.

Plaintiff's own argument supporting his conspiracy claim undermines the very elements he is attempting to prove. The allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 570 (2007). In his own motion, Plaintiff states that "[t]hese particular acts, however, permit the ***<u>inference</u>*** that defendants used their offices to pursue an unauthorized retaliatory objective rather than acting as one municipal decisionmaker for a legitimate City purpose." Doc. 45, page 11.

(emphasis added). This statement alone provides sufficient basis for dismissal of Count II against these Defendants as Plaintiff's admitted "inference" cannot rise "above the speculative level". *Id*. Plaintiff again admits in his motion that Defendants possess a "competing ***inference,***" an admission which undermines the veracity of his allegations. Doc 45, page 13. (emphasis added). Despite Plaintiff's assertion, Defendants do not possess a "competing inference," rather Plaintiff faces a burden which he cannot overcome. Due to Plaintiff's reliance on "inferences," he has failed to provide any supporting facts or allegations that the required "meeting of the minds" occurred or of the existence of any conspiracy to deprive him of a constitutional right whatsoever.

Plaintiff further argues Count III of Plaintiff's Complaint cannot be dismissed under the authority of Defendant's cited cases *Farrow* and *Halderman*. Plaintiff's rationale is that he has properly pleaded sufficient facts supporting a tortious interference claim against these Defendants, which is false. Like in his response to the other defendants' Motion, Plaintiff seems to purposefully ignore a rather significant component of a tortious interference claim, the third-party element. Plaintiff attempts to sidestep this element by distinguishing the statutory powers of the individuals involved in Defendants' cited cases from the case at hand, but in doing so he fails to even argue that Defendants qualify as third-parties for the purpose of his claim. Rather, with legal support, he argues that motive is sufficient to somehow satisfy the third-party requirement of a conspiracy claim.

Finally, despite his contentions, allowing Plaintiff to amend his complaint is futile as he cannot proceed with the pleaded actions against these Defendants as a matter of law, regardless of how many amendments or how much discovery he is permitted. Plaintiff has

failed to identify what amendments he would make to his Complaint that would negate Defendants entitlement to judgment on the pleadings. Accordingly, such a request for leave to amend the pleading should be denied.

WHEREFORE, Defendants Abigael Almandinger, Greg Dagnan, and Dan Rife respectfully request that this Court dismiss Counts I, II, and III of Plaintiff's Complaint against them, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**FISHER, PATTERSON, SAYLER & SMITH, LLP**

/s/ Paul F. Gordon

Paul F. Gordon MBN 35776
Logan G. Wallace MBN 73989
9393 W. 110th, Suite 300
Corporate Woods, Bldg. 51
Overland Park, KS 66210
Telephone: (913) 339-6757
Facsimile: (913) 660-7919
pgordon@fpsslaw.com
lwallace@fpsslaw.com
ATTORNEY FOR DEFENDANTS ABIGAEL ALMANDINGER, GREG DAGNAN and DAN RIFE

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing was filed with the Court through its electronic filing system on September 25, 2026, with a copy sent via electronic mail to:

Gregory W. Aleshire #38691
William R. Robb #43322
ALESHIRE ROBB P C
2847 Ingram Mill Road, A-102
Springfield, MO 65804
Telephone: (417) 869-3737
Facsimile: (417) 869-5678
info@aleshirerobb.com
Attorneys for Plaintiff

Sonal Bhatia #67519
Edward Keenan #62993
KEENAN & BHATIA LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112
Telephone: (816) 327-2273
Sonal@keenanfirm.com
ee@keenanfirm.com
Attorneys for Defendant Keenan & Bhatia LLC

Matthew J. Gist #54732
ENSZ & JESTER, PC
1100 Main Street, Suite 2121
Kansas City, Mo 64105
Telephone: (816) 474-8010
Facsimile: (816) 471-7910
mgist@enszjester.com
Attorneys for Defendants City of Carthage, Michael Miller, Nate Dally, and Traci Cox

/s/ Paul F. Gordon
ATTORNEYS FOR DEFENDANTS ABIGAEL ALMANDINGER, GREG DAGNAN and DAN RIFE