**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| AARON BORLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:26-cv-05062-MBB |
| | ) | |
| CITY OF CARTHAGE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This case is before the Court on Keenan & Bhatia, LLC's ("Defendant") Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (**Doc. 23**). Because Plaintiff fails to state a claim against Defendant, the motion is **GRANTED**.

**Background**

In December 2022, Plaintiff was accused "of stealing over $25,000 and 'Acceding to Corruption'" while acting as the City of Carthage's Golf Superintendent. (**Doc. 1**, p. 4). Plaintiff was specifically accused of receiving "kickbacks" from City vendors. (***Id.*** at pp. 8-9, 11). Plaintiff denies these accusations. (***Id.*** at p. 5). In January 2023, Plaintiff met with Abigael Almandinger, the City's Parks and Recreation Director. (***Id.*** at pp. 9-14). Plaintiff claims that Almandinger forced him to resign despite the ongoing investigation. (***Id.*** at pp. 13-14).

In June 2025, the City terminated Almandinger. (***Id.*** at p. 19). Almandinger retained Defendant to represent her. (***Id.*** at p. 22). In December 2025, Defendant filed a petition in Missouri state court on Almandinger's behalf (the "Almandinger Petition"). (***Id.*** at pp. 20-23). It alleged wrongful termination. (***Id.***). It says she was fired after making protected disclosures in violation of § 105.055, RSMo. (**Doc. 1-8**, pp. 12-15). One disclosure was placing "Aaron Borland

on administrative leave after police confirmed he admitted to taking vendor kickbacks." (**Doc. 1**, p. 21, *quoting* **Doc. 1-8**, p. 4). Plaintiff claims this accusation was false. (**Doc. 1**, p. 27). He said it became highly publicized and damaged his reputation. (***Id.*** at pp. 23-24, 28) (claiming the alleged defamatory statement was republished by three local news websites).

On July 13, 2026, Plaintiff sued Defendant and others for injuries arising from Plaintiff's allegedly forced resignation. (**Doc. 1**). In Count IV, Plaintiff alleges Defendant defamed him by filing the Almandinger Petition. (***Id.*** at pp. 27-28). Plaintiff says the Almandinger Petition falsely accused him of receiving illegal "kickbacks" from City vendors (the "defamatory statement"). (***Id.*** at pp. 20-24, 27-28). Plaintiff attached the Almandinger Petition as an exhibit and quotes from it. (**Doc. 1**, pp. 20-21, *quoting* **Doc. 1-8**, pp. 3-4). Plaintiff says Almandinger and Defendant knew this statement was false. (***Id.*** at pp. 21, 23). Defendant filed its Motion to Dismiss on August 3, 2026. (**Doc. 23**). Defendant argues that Plaintiff's defamation claim fails because Missouri's absolute litigation privilege applies. (***Id.***).

**Discussion**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." ***Id.*** "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" ***Bell Atl. Corp. v. Twombly***, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation[.]" ***Iqbal***, 556 U.S. at 678 (quotation omitted). "Though matters outside the pleadings may not be considered in

deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." ***Zean v. Fairview Health Servs.***, 858 F.3d 520, 526 (8th Cir. 2017) (quotation omitted). *See* **Fed. R. Civ. P. 12(d)**. Courts may additionally consider "exhibits attached to the complaint whose authenticity is unquestioned[] without converting the motion into one for summary judgment." ***Id.*** (quotation omitted).

Plaintiff's defamation claim is a supplemental state law claim arising out of the same case or controversy as Plaintiff's pending 42 U.S.C. § 1983 claims. *See* **28 U.S.C. § 1367(a)**. Dismissal is appropriate because Missouri's absolute litigation privilege applies to Plaintiff's defamation claim against Defendant.

### I. Plaintiff's defamation claim against Defendant is subject to Missouri's absolute litigation privilege.

To be actionable under Missouri law, a defamatory statement must be "capable of defamatory meaning" and not subject to "a privilege shield[ing] the defendant from legal action." ***Turntine v. Peterson***, 959 F.3d 873, 882 (8th Cir. 2020) (quotation omitted), *citing* ***Henry v. Halliburton***, 690 S.W.2d 775, 779 (Mo. banc 1985). "[D]efamatory matter contained in pleadings filed according to law in a court having jurisdiction, if relevant and pertinent to the case, is absolutely privileged, and it is immaterial that the allegations are false and maliciously made." ***Laun v. Union Elec. Co. of Mo.***, 166 S.W.2d 1065, 1069 (Mo. 1942) (requiring it to be "pertinent to the subject of the inquiry or relevant to the issue"). *See* ***Kelly v. Golden***, 352 F.3d 344, 350-51 (8th Cir. 2003); ***Henry***, 690 S.W.2d at 780. "Relevance or pertinence, as applied to the privilege, means that the statement is 'fairly relevant to the issue, or responsive to some fact apparently bearing on the issue to which it is directed.'" ***Riley v. Riley***, 340 S.W.3d 334, 339 (Mo. App. W.D. 2011), *quoting* ***Hyde v. McCabe***, 13 S.W. 875, 876 (Mo. 1890). "[I]t is the province of the court . . . to determine whether a cause of action is based upon an absolutely privileged communication." ***Jones v.***

***Brownlee***, 61 S.W. 795, 797 (Mo. 1901); ***Pape v. Reither***, 918 S.W.2d 376, 379-80 (Mo. App. E.D. 1996). Likewise, "[w]hether statements are pertinent to the judicial proceeding is a question of law." ***Riley***, 340 S.W.3d at 338, *citing* ***Jones***, 61 S.W. at 797.

Defendant argues Missouri's absolute litigation privilege applies because the alleged defamatory statement was both relevant and pertinent to Almandinger's case. (**Doc. 24**, pp. 2, 5-7; **Doc. 26**, pp. 1-4, *citing* **Doc. 1-8**, pp. 13-15). Plaintiff argues that Defendant cannot rely on any litigation privilege because the alleged defamatory statement was neither relevant nor pertinent. (**Doc. 25**, pp. 4-7). Regardless of whether it was false or maliciously made, the alleged defamatory statement is relevant and pertinent to the issues in the Almandinger Petition. *See* ***Laun***, 166 S.W.2d at 1069. The Almandinger Petition alleges that the City took disciplinary action against Almandinger because of her disclosures and protected activity in violation of § 105.055, RSMo. (**Doc. 1-8**, pp. 12-15). The alleged defamatory statement helps establish whether Almandinger made a protected disclosure under § 105.055, RSMo. This is pertinent and relevant to the main inquiry: whether the City engaged in retaliation. *See* ***Laun***, 166 S.W.2d at 1069. Because the alleged defamatory statement was relevant and pertinent to Almandinger's case, the absolute litigation privilege applies. The alleged defamatory statement is not actionable and Defendant's motion to dismiss for failure to state a claim is granted.

**II. Dismissal with prejudice is warranted.**

Relying on *Asay v. Hallmark Cards, Inc.*, Plaintiff argues dismissal with prejudice is not warranted absent futility. He requests leave to amend under Federal Rule of Civil Procedure 15(a)(2). (**Doc. 25**, p. 13, *citing* ***Asay***, 594 F.2d 692, 695-99 (8th Cir. 1979)). "[L]eave to amend shall be freely given when justice so requires[,]" but it is not required when amendment is futile. ***Asay***, 594 F.2d at 695, *quoting* **Fed. R. Civ. P. 15(a)**. Plaintiff's defamation claim relies upon the alleged defamatory statement made in the Almandinger Petition. Plaintiff does not ask to add an

alleged defamatory statement outside of the Almandinger Petition. And he does not explain how an amendment would survive the absolute litigation privilege. Any amendment would be futile. Plaintiff's request for amendment under Rule 15(a)(2) is denied and the defamation claim against Defendant is dismissed with prejudice.

**Conclusion**

The Court **GRANTS** Defendant's motion to dismiss. Plaintiff's defamation claim against Defendant is **DISMISSED** with prejudice because Missouri's absolute litigation privilege applies. Plaintiff's request for amendment under Rule 15(a)(2) is **DENIED** based on futility.

**IT IS SO ORDERED.**

*/s/ Megan Blair Benton*
MEGAN BLAIR BENTON, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 9, 2026